## HAWTHORNE VALLEY CO v CLEVELAND REAL ESTATE INVESTMENT CO, et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11703. Decided July 22, 1931

ROSS PJ, HAMILTON and
CUSHING, JJ (1st Dist) sitting.

Krueger & Pelton, Cleveland, for Hawthorne Valley Company.

Niman & Buss, and S. A. Davies, Cleveland, for Cleveland Real Estate Investment Co.

ROSS, PJ.

While corporate entity was thrown about the personnel of the original association, essentially the original members are those vitally interested in the defense of usury, and for this reason we conclude that the authorities holding usury to be a personal defense are not violated, for the defense is in fact being urged by those originally interested through the formation of a successor corporation. Mere change in form of the holder of title cannot prevent those essentially and primarily and continuously interested from availing themselves of this defense.

The original conveyance was made to the trustee, who signed the note. The record clearly shows the existence of usury. §8623-78 GC is as follows:

"The limitations of §8303 GC shall not apply to any corporate obligation for the payment of money maturing or payable, in whole or in part one year or more after the date thereof, and no corporation, wherever organized nor anyone in its behalf, shall interpose the defense or make the claim of usury in any suit, action or proceeding upon or with reference to any such obligation."

The defendant at the time of the loan entered into an agreement known as a "disbursement agreement" with the trustee, a portion of which is as follows:

"It is therefore mutually agreed between the parties hereto that Heaton Pennington, Jr., as trustee, shall not be liable personally upon the note or mortgage hereinbefore referred to but that the party of the first part shall be bound only to look to the payment of said note to the security therein set forth, and to the liability of the syndicate for the amount subscribed by said syndicate members."

Is the debt in which usury is asserted to exist a "corporate obligation." We conclude that in view of the agreement with the lender it is not. All of the subscriptions have been paid in. The company specifically states it will confine the obligation to the security.

Is the defense interposed by a corporation directly or by someone in its behalf? Again we are compelled by the facts to hold

that it is not. The spirit of the act would be directly violated were we to hold otherwise. The statute is concerned with preventing the defense of usury to a corporation and whether such corporation seeks to avoid **its usurious obligations** directly or through another. As has been pointed out before, the obligation here is confined to the security alone and this security the real estate and paid in subscriptions, were essentially the property of the original association members. The mere fact that the present plaintiff is a corporation cannot avail to invoke the prohibition of the statute directed to **corporate obligations** when no such obligation exists on plaintiff corporation or its predecessor in succession. Thus we conclude that the defense of usury in the initial transaction is now a proper claim in behalf of plaintiff and a decree may be taken accordingly.

HAMILTON and CUSHING, JJ, concur.